UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KURT MICHAELS,<br><br>　　　　　　　　　　Petitioner,<br><br>vs.<br><br>KEVIN CHAPPELL, Warden of California State Prison at San Quentin,<br><br>　　　　　　　　　　Respondent. | CASE NO. 04cv0122 JAH (JLB)<br><br>*DEATH PENALTY CASE*<br><br>**ORDER ON PETITIONER'S BRIEF AND ALTERNATIVE REQUEST TO AMEND PETITION** |

On August 8, 2014, Petitioner filed a Supplemental Brief and Alternate Request to Amend Petition, arguing that the recent decision in Jones v. Chappell, ___ F.Supp.2d, ___, No. 09CV2158-CJC, 2014 WL 3567365 (C.D. Cal. July 16, 2014), supported several other claims raised in the First Amended Petition, specifically Claims 68, 70-73 and 75, and alternatively requested that the Court allow amendment of the First Amended Petition to include a Jones claim. (ECF No. 142.) On August 22, 2014, Respondent filed a Response, asserting that Jones did not support Petitioner's claims and opposing the request to amend the petition, contending that amendment would be futile because the new claim is unexhausted, is barred by Teague v. Lane, 489 U.S. 288 (1989), and is untimely. (ECF No. 146.) On August 29, 2014, Petitioner filed a Reply.

The parties also addressed this issue at the Group Three Oral Arguments, held on November 12, 2014.

For the reasons discussed below, the Court rejects Petitioner's contention that the claims in the First Amended Petition sufficiently raise a claim under <u>Jones</u> and **DENIES** Petitioner's request to amend the petition.

## DISCUSSION

Petitioner first contends that "*Jones* supports the constitutional attacks on California's death penalty system raised by Mr. Michaels," and asserts that "his constitutional attacks on California's death penalty system sufficiently raise a claim under *Jones*." (ECF No. 142 at 2, 3.) Specifically, Petitioner contends that Claims 68, 70-73 and 75 involve constitutional challenges to California's capital sentencing and appellate systems and lethal injection procedures similar to the issues addressed in <u>Jones</u>. (<u>Id.</u>) However, a comparison of the claim at issue in <u>Jones</u> and those cited from the First Amended Petition clearly show that while all of the claims concern aspects of California's death penalty system, the proposed claim and pending claims do not share a legal or factual basis. In <u>Jones</u>, the petitioner asserted "that as a result of systemic and inordinate delay in California's post-conviction review process, only a random few of the hundreds of individuals sentenced to death will be executed, and for those that are, execution will serve no penological purpose." <u>Jones</u>, 2014 WL 3567365 at *6. Meanwhile, none of Petitioner's claims present a similar challenge: Claim 68 challenges the constitutionality of the capital charging and sentencing system for failing to narrow the class of death-eligible defendants, Claim 70 contends that the lack of proportionality review at trial or on appeal violates constitutional guarantees, Claim 71 asserts that Petitioner's execution would be disproportionate to his culpability, Claim 72 asserts that Petitioner's death sentence was based on unreliable evidence and is disproportionate to his culpability, Claim 73 alleges flaws in California's capital system as a result of the discretion afforded to prosecutors in the charging decision, and Claim 75 asserts that California's method of execution, lethal injection, violates the constitution. (<u>See</u> FAP at 290-96, 299-308.) As such, Petitioner's claims involve alleged errors in his trial and sentencing, or alleged defects at other stages of his proceedings, such as the charging decision or on appeal, while <u>Jones</u> involved a wholly different issue, a constitutional claim based upon the systemic delay in California's post-conviction proceedings. Accordingly, Petitioner fails to demonstrate that Claims

68, 70-73 and 75 are supported by Jones, much less that these cited claims sufficiently raise a claim akin to the one at issue in Jones.

Petitioner alternatively requests to amend the federal petition to add a Jones claim. However, even setting aside Respondent's contentions that such a claim would be unexhausted and barred under Teague, it is clear that amendment would be untimely. Petitioner asserts that amendment would not be futile and that the claim is not without merit. He argues that "the factual predicate for the constitutional violation at issue occurs as time goes by," and notes that at the time the original petition was filed, Petitioner had been on death row 14 years and executions were taking place in California, while at the present time, Petitioner has been on death row for 24 years and there is an injunction against executions in this state. (ECF No. 142 at 4.) Petitioner contends that "Jones makes clear that it is only now, after the system has devolved into such dysfunction and delay, that it must be declared unconstitutional." (Id.) Yet, as Respondent points out, "[t]he federal injunction on executions in California has been in effect since 2006." (ECF No. 146 at 17.) Indeed, Petitioner filed a First Amended Petition in this Court in 2009, when he had been on death row for 19 years and the injunction against executions in California had been in effect for three years, but that filing did not include any claim of systemic delay.

28 U.S.C. § 2244 provides that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Only 28 U.S.C. § 2244(d)(1)(D) is potentially applicable in the instant case, and Petitioner fails to provide a persuasive reason as to why this claim could not have been raised before the present time or that the factual predicate could not have been discovered until now. As such, to the extent Petitioner contends that this claim is timely pursuant to 28 U.S.C. § 2244(d)(1)(D), the Court remains unpersuaded.

Finally, because the statute of limitations has run, the proposed claim is nevertheless untimely because it does not relate back to any of the claims contained in the First Amended Petition. Under the Federal Rules of Civil Procedure, "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out - - or attempted to be set out - - in the original pleading." Fed. R. Civ. P. 15(c)(1); see also Mayle v. Felix, 545 U.S. 644, 655 ("Amendments made after the statute of limitations has run relate back to the date of the original pleading if the original and amended pleadings 'ar(i)se out of the conduct, transaction, or occurrence.'")

Petitioner contends that the proposed claim "relates back to Mr. Michaels' constitutional attacks based on the arbitrariness of California's death penalty system and the invalidity of the lethal injection method." (ECF No. 142 at 4.) As discussed above, while the proposed claim and pending claims both involve various challenges to the constitutionality of California's capital system or method of execution, the similarities end there. The basis for the proposed claim is state delay in post-conviction proceedings, while the majority of the cited claims in the First Amended Petition involve allegations concerning the charging decision (Claims 68 and 73) and the trial and sentencing proceedings (Claims 71 and 72). Meanwhile, Claim 70, which asserts that California's capital statute is unconstitutional for failing to provide for proportionality review at trial and on appeal, has an appellate dimension, but does not arise from the "same conduct, transaction, or occurrence" as the proposed claim. Nor does Claim 75, alleging that California's method of execution, lethal injection, violates the Constitution, share such a nexus with the proposed claim.

"An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Mayle, 545 U.S. at 650. "[T]he 'time and type' language

in Mayle refers not to the claims, or grounds for relief. Rather, it refers to the *facts that support those grounds*." Nguyen v. Curry, 736 F.3d 1287, 1297 (9th Cir. 2013) (emphasis in original). The proposed claim involves facts concerning delays in the processing of California capital appeals and habeas petitions, while Petitioner fails to demonstrate that the claims in the First Amended Petition involve facts of similar time or type.

Petitioner asserts that his constitutional challenges to California's capital sentencing statute and execution method support the relation back of an entirely new challenge to the constitutionality of California's death penalty system, but this is simply not the case, especially when the facts supporting these claims differ in such a manner. "A holding that relation back is available in that circumstance would stand the Supreme Court's decision in Mayle on its head." Schneider v. McDaniel, 674 F.3d 1144, 1151 (9th Cir. 2012) (rejecting argument that "the assertion of any claim of ineffective assistance of appellate counsel based upon the failure to raise an issue or issues on direct appeal thereafter supports the relation back of any and every claim of ineffective assistance of appellate counsel thereafter may decide to raise.") Accordingly, as Petitioner fails to show that the proposed claim relates back to the claims pending in the First Amended Petition, amendment is untimely and not warranted.

## CONCLUSION

For the reasons discussed above, Petitioner's request to amend the petition is **DENIED**.

**IT IS SO ORDERED.**

Dated: December 12, 2014

**HONORABLE JOHN A. HOUSTON**
United States District Judge